**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**ANSELMO SOTO, JR.,**

    Petitioner,

v.                                                     9:00-CV-0197
                                                             (TJM)(DEP)

**HANS WALKER, Superintendent,**

    Respondent.

---

**APPEARANCES:**                       **OF COUNSEL:**

**FOR THE PETITIONER:**

ANSELMO SOTO, JR.
Petitioner, *pro se*
87-C-0774
Attica Correctional Facility
Box 149
Attica, NY 14011-0149

**FOR THE RESPONDENT:**

**HON. ELIOT SPITZER**               **ROBIN A. FORSHAW, ESQ.**
Office of Attorney General         Assistant Solicitor General
State of New York
120 Broadway
New York, NY 14011

**HON. ELIOT SPITZER**
Office of the Attorney General     **G. LAWRENCE DILLON, ESQ.**
State of New York                    Assistant Attorney General
207 Genesee Street
Utica, NY 13501

**THOMAS J. MCAVOY**
**SENIOR UNITED STATES DISTRICT JUDGE**

**DECISION and ORDER**

**I.    BACKGROUND**

Petitioner Anselmo Soto, Jr., a New York State prison inmate as a result of a 1987 Oneida County Court conviction for second degree conspiracy, commenced this proceeding seeking federal habeas relief pursuant to 28 U.S.C. § 2254 on January 21, 2000.  *See* Petition (Dkt. No. 1) at p. 7.  Respondent thereafter filed a memorandum of law in which he opposed the granting of the petition based in part upon his claim that this action was not timely commenced by Soto within the one-year statute of limitations applicable to federal habeas corpus petitions in light of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *See* Dkt. No. 8.

In his Report-Recommendation dated July 12, 2002, Magistrate Judge David E. Peebles determined that, excluding the time during which the statute of limitations was tolled, Soto had commenced this action 982 days after the enactment of the AEDPA and therefore Soto's habeas petition was untimely by 617 days.  *See* Report-Recommendation of Magistrate Judge Peebles (Dkt. No. 39) at p. 9.  Petitioner thereafter filed objections to that Report-Recommendation, Dkt. No. 44, however by order filed September

18, 2002, this Court adopted Magistrate Judge Peebles' Report-Recommendation in full and denied and dismissed Soto's petition as untimely filed. Dkt. No. 46. The Second Circuit Court of Appeals thereafter denied Soto's request for a Certificate of Appealability and dismissed his appeal on June 23, 2004. Dkt. No. 58.

Following the dismissal of his appeal by the Second Circuit, Soto filed the following applications in this District, all of which are currently before this Court for review: i) a motion for reconsideration of this Court's September 18, 2002 order pursuant to Rules 60(b)(4) and 60(b)(6) of the Federal Rules of Civil Procedure, together with supporting papers (Dkt. Nos. 59-61);[1] ii) an application for appointment of counsel (Dkt. No. 62); and iii) an in forma pauperis application (Dkt. No. 63).

## II.   DISCUSSION

---

[1] Fed.R.Civ.P. 60, which permits relief from a district court's judgment or order, provides, in relevant part:

\* \* \* \* \*

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

(4) the judgment is void;
\* \* \* \* \*
(6) any other reason justifying relief from the operation of the judgment.

3

### A.    <u>Motion for Reconsideration</u>

In support of his application which seeks the reconsideration of this Court's September 18, 2002 order dismissing his habeas petition, Soto argues that he has established his actual innocence of the crime challenged by his petition and that therefore the order dismissing his petition must be vacated because the judgment is "void" under Fed.R.Civ.P. 60(b)(4). *See* Supporting Memorandum (Dkt. No. 59) ("Supporting Mem.") at pp. 1-2.[2]

Subsequent to this Court's September, 2002 order which adopted the recommendation of Magistrate Judge Peebles that Soto's petition be dismissed as time-barred, the Second Circuit decided the case of *Whitley v. Senkowski*, 317 F.3d 223 (2d Cir. 2003). In *Whitley*, the Second Circuit acknowledged that the "question remains open" as to whether the United States Constitution requires that an "actual innocence'" exception be engrafted onto the AEDPA's statute of limitations. *Whitley*, 317 F.3d at 225. However, the *Whitley* court nevertheless determined that before dismissing a habeas petition as untimely filed, district courts are required to consider whether a petitioner has asserted a credible claim that he is actually

---

      [2]    Soto additionally asserts that reconsideration of the September, 2002 order is warranted under Fed.R.Civ.P. 60(b)(6) "in the interests of justice." *See* Supporting Mem. at p. 1.

4

innocent of the crime challenged in the petition. *Whitley*, 317 F.3d at 225; *see also Doe v. Menefee*, 391 F.3d 147, 161 (2d Cir. 2004) (citing *Whitley*); *Austin v. Duncan*, No. 02-CV-0732, 2005 WL 2030742, at *4 (W.D.N.Y. Aug. 23, 2005) (citations omitted). Since the issue of petitioner's actual innocence has never been addressed in this action, this Court now considers whether Soto is entitled to reconsideration of the September, 2002 dismissal order based upon his claim that he is actually innocent of his crime for which he is presently incarcerated.

Petitioner's claim of actual innocence is based upon his argument that the indictment returned by the grand jury was invalid and the product of prosecutorial misconduct. Specifically, Soto argues that his rights "not to be tried at all" and "not to be haled into court" were violated by the state courts because the accusatory instrument on which his criminal trial was based was fatally defective. Supporting Mem. at p. 15. In support of this claim, Soto argues that the prosecution engaged in misconduct during its presentation before the grand jury, *id.* at p. 18, including its wrongful suggestion to that body that Soto was involved in an international drug conspiracy. *Id.* at p. 20. Soto claims that:

> Said impermissible conduct not only nullified the
> deliberations and actions of the Grand Jury, but it

5

> rendered the indictment voted upon said defective
> proceedings inadequate to confer (subject matter &
> in personam) jurisdiction upon the trial court, thereby
> raising a question of "actual legal innocence" by
> implication.

Supporting Mem. at pp. 19-20.

In considering a claim of actual innocence under the AEDPA, the Second Circuit has determined that district courts are to examine the following questions sequentially:

> (1) Did [petitioner] pursue his actual innocence claim with reasonable diligence?  (2) If [petitioner] did not pursue the claim with reasonable diligence, must an actual innocence claim be pursued with reasonable diligence in order to raise the issue of whether the United States Constitution requires an "actual innocence" exception to the AEDPA statute of limitations?  (3) If [petitioner] did pursue the claim with reasonable diligence or if reasonable diligence is unnecessary, does [petitioner] make a credible claim of actual innocence?  (4) If [petitioner] does make a credible claim of actual innocence, does the United States Constitution require an "actual innocence" exception to the AEDPA statute of limitations on federal habeas petitions?

*Whitley*, 317 F.3d at 225-26.

The record reflects that in April, 1997, Soto filed a motion to vacate his judgment of conviction pursuant to Section 440.10 of New York's Criminal Procedure Law.  *See* Dkt. No. 65, Appendices "A" and "B."  In that

application, Soto asserted the same arguments he now claims demonstrate his actual innocence of the crime of which he stands convicted. *See*, *e.g.*, Dkt. No. 65, Appendix "A" at pp. 1-30. This Court therefore finds that Soto pursued his actual innocence claim with reasonable diligence in the state courts. Accordingly, the Court next considers whether he has made "a credible claim of actual innocence" in this action. *Whitley*, 317 F.3d at 225.

For a petitioner to establish that he is actually innocent of a crime, he must "demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Dixon v. Miller*, 293 F.3d 74, 81 (2d Cir. 2002) (internal quotation and citation omitted); *see also Boddie v. Edwards*, 2005 WL 914381, at *4 (S.D.N.Y. Apr. 20, 2005) (citing *Dixon*); *Thomas v. Walsh*, 2004 WL 2153928, at *2 (S.D.N.Y. Sept. 24, 2004), *adopted*, 2005 WL 1621341 (S.D.N.Y. July 12, 2005). Claims of actual innocence in this context must be supported by "'new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.'" *Menefee*, 391 F.3d at 161 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).

Soto has not submitted any evidence, in the form of eyewitness

accounts, alibi witnesses or physical or scientific evidence, which establishes his innocence of the criminal conspiracy charge. In fact, it does not appear to this Court as though Soto claims that he did not engage in the acts that formed the basis of his conviction. Rather, petitioner's claim that he is actually innocent is premised upon his contention that his conviction and subsequent sentence are void due to the fact that the indictment on which his criminal trial was based was purportedly defective and therefore failed to provide the county court with jurisdiction over petitioner. *See* Supporting Mem. at pp. 15-30. However, this claim appears to overlook the settled precedent in this Circuit which notes that "because 'defects in an indictment do not deprive a court of its power to adjudicate a case,' such defects are not jurisdictional errors." *United States v. LaSpina*, 299 F.3d 165, 178 n.4 (2d Cir. 2002) (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)). Furthermore, for an indictment to comport with the Sixth Amendment's requirement that defendants be given "fair notice" of the nature and cause of the accusation against him, the accusatory instrument must charge a crime with adequate precision so that a defendant is aware of the charges he must defend against and enable the defendant to plead double jeopardy in defense of future prosecutions for the same offense.

*See Hamling v. United States*, 418 U.S. 87, 117 (1974) (citing *Hagner v. United States*, 285 U.S. 427, 431 (1932)) (other citation omitted); *see also United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998) (citing *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992)). In the underlying criminal matter, the indictment charging Soto with criminal conspiracy (*see* Dkt. No. 65, Appendix D) clearly met the relatively modest constitutional threshold applicable to indictments.

Soto has not presented any evidence in this action which suggests that, in light of all the evidence adduced at trial, it is more likely than not that no reasonable juror would have convicted him of the conspiracy charge. This Court therefore finds that Soto's patently late filing of his habeas petition cannot be excused upon a finding that petitioner has made a credible claim of actual innocence. Accordingly, his motion for reconsideration of this Court's September, 2002 order denying and dismissing his habeas petition as barred by the AEDPA's statute of limitations is denied.

### B. Motion for Appointment of Counsel

Soto has also filed an application in which he seeks appointment of counsel. *See* Dkt. No. 62. In support of this request, Soto claims that

assigned counsel could:

> review the pleadings and form of the papers filed in this Court to determine their accuracy, and if they effectively convey the legal proposition petitioner presents to the Court ... to ensure the effective representation of petitioner's jurisdictional challenge upon his state conviction, as well as his claim of "actual innocence" upon this proceeding.

*See* Dkt. No. 62 at ¶ 3.

There is no constitutional right to representation by counsel in habeas corpus proceedings. *Renis v. Thomas*, 2003 WL 22358799, at *3 (S.D.N.Y. Oct. 16, 2003) (citing *Green v. Abrams*, 984 F.2d 41, 47 (2d Cir.1993)) (other citation omitted); *see also Carpenter v. Greiner*, 2000 WL 1051876, at *1 (S.D.N.Y. July 31, 2000) (citations omitted). However, a federal court may, in its discretion, appoint counsel where " the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In determining whether to exercise such discretion, a court should consider the petitioner's likelihood of success on the merits of his petition, the complexity of legal issues raised by such application and the petitioner's ability to investigate and present his case to the federal habeas court. *See Coita v. Leonardo*, 1998 WL 187416, at *1 (N.D.N.Y. Apr. 14, 1998) (Pooler, D.J.) (citation omitted). Appointment of counsel in habeas cases is only appropriate where either it appears that

the claims asserted by the petitioner "have merit," *see Vargas v. City of New York*, 1999 WL 486926, at *2 (S.D.N.Y. July 9, 1999), or where the petitioner "appears to have some chance of success...." *See Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986).

In this case, this Court has denied and dismissed Soto's petition. *See* Dkt. No. 46. The Second Circuit subsequently dismissed Soto's appeal of that order. Dkt. No. 58. Since Soto's application for reconsideration of the dismissal order is without substance, petitioner has no chance of succeeding on the merits of his habeas application. Therefore, this Court denies Soto's motion for appointment of counsel.

### C.     In Forma Pauperis Application

On January 13, 2005, Soto executed an application to proceed with this matter in forma pauperis. *See* Dkt. No. 63.

However, on January 21, 2000, Soto filed a completed in forma pauperis application with this Court in conjunction with his habeas petition. Dkt. No. 2. The then-assigned Magistrate Judge to this action, the Hon. Ralph W. Smith, Jr., reviewed Soto's in forma pauperis application and determined that petitioner could "properly proceed with this matter in forma pauperis." Dkt. No. 3 at p. 3. Since Soto has been continuously

11

incarcerated since that date, there is no basis for this Court to conclude that his financial situation has changed since Magistrate Judge Smith granted Soto's initial in forma pauperis application. Therefore, his current in forma pauperis application is denied as unnecessary. *E.g. Fitzgerald v. McKenna*, 1996 WL 715531, at *2 (S.D.N.Y. Dec. 11, 1996).

**WHEREFORE**, based upon the foregoing, it is hereby

**ORDERED**, that Soto's motion for reconsideration (Dkt. No. 59) is **DENIED**, and it is further

**ORDERED**, that petitioner's motion for appointment of counsel (Dkt. No. 62) is **DENIED**, and it is further

**ORDERED**, that Soto's motion to proceed with this matter in forma pauperis (Dkt. No. 63) is **DENIED** as unnecessary, and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this order upon the parties by regular or electronic mail.

Dated: September 15, 2005

Thomas J. McAvoy
Senior, U.S. District Judge

12