UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------
ANSELMO SOTO, JR.,

                      Petitioner,          9:00-CV-0197
                                                (TJM)(DEP)

    v.

HANS WALTER, Superintendent,

                      Respondent.
------------------------------------------------------------------------

| APPEARANCES: | OF COUNSEL: |
|---|---|
| ANSELMO SOTO, JR.<br>Petitioner, *pro se*<br>87-C-0774 | |
| HON. ELIOT SPITZER<br>Office of the Attorney General<br>State of New York<br>207 Genesee Street<br>Utica, NY 13501 | G. LAWRENCE DILLON, ESQ. |
| HON. ELIOT SPITZER<br>Office of the Attorney General<br>120 Broadway<br>New York, NY 10271 | ROBIN A. FORSHAW, ESQ. ESQ. |

THOMAS J. MCAVOY, SENIOR U.S. DISTRICT JUDGE

## DECISION and ORDER

**I.    BACKGROUND**.

      On February 2, 2000, the Petitioner, Anselmo Soto ("Petitioner" or "Soto") filed a Habeas Petition pursuant to 20 U.S.C. §2254. Respondent filed an Answer on August 14, 2000. Docket No. 8. In an Order filed September 18, 2002, this Court adopted the July 12, 2002 Report and Recommendation of Magistrate Judge Peebles, which found the Petition to be untimely, and dismissed the Petition. Docket No. 46.

Petitioner appeal the September 2002 decision to the Second Circuit Court of Appeals.  This Court, as well as the Second Circuit Court of Appeals, denied Petitioner's Motions for a Certificate of Appealability.  *See* Docket Nos. 53, 58.  The United States Supreme Court denied Petitioner a Writ of Certiorari on January 12, 2004.

Petitioner then brought a Motion to Vacate the September 2002 Order pursuant to Rule 60(b)(4) and 60(b)(6).  Docket No. 59.  Petitioner's Motion to Vacate was denied by Order dated September 16, 2005.  Docket No. 69.  Thereafter, Petitioner filed a Motion for Reconsideration of the September 2005 Order, and also filed a Notice of Appeal to the Second Circuit Court of Appeals.  *See* Docket Nos. 70 and 72.  Petitioner's appeal was dismissed on December 12, 2005 due to Petitioner's failure to seek a Certificate of Appealability.  Docket No. 78.  Petitioner's Motion for Reconsideration of the September 2005 Order is presently before the Court.

**II.    DISCUSSION.**

Petitioner filed this Motion, entitled a Motion for Reargument and Reconsideration, on October 5, 2005.  Respondent filed an Affirmation in Opposition to the Motion, and Petitioner filed a Reply.  *See* Docket Nos. 73 and 77.  In his Reply, Petitioner states that he seeks relief pursuant to Rule 59(e) of the Federal Rules of Civil Procedures. Docket No. 77, page 3.

"Reconsideration of a prior decision is discretionary and the factors that generally compel reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Northern Assurance Co. v. Square D Co.*, 1999 WL 123575, *1 (N.D.N.Y. 1999)(McAvoy, C.J.)

(citations omitted). "Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits or otherwise taking a 'second bite at the apple'"... *Id., citing Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144 (2d Cir. 1998); *Morris v. State of New York*, 1995 WL 155953, *2 (N.D.N.Y. 1995)(McCurn, S.J.)(A motion for reconsideration "is not to be used as a means to reargue matters already argued and disposed of by prior rulings or to put forward additional arguments which it could have been made but neglected to make before judgment.")  A "motion for reconsideration is an extraordinary remedy which should be used sparingly, and therefore, it is not intended merely to .... give a disappointed litigant another chance." *Northern Assurance Co*., supra. at *2 (citations omitted). With respect to the argument relating to error of law or manifest injustice, at least one court has observed that ".... any litigant considering bringing a motion to reconsider based upon that ground should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant."  *Atkins v. Marathon LeTourneau Co.,* 130 F.R.D. 625, 626 (S.D. Miss. 1990).

It is the burden of the moving party to "demonstrate that the court failed to consider controlling decisions or factual matters that were put before it on the underlying motion, and which, had they been considered, might reasonably have led to a different result." *Yurman Design Inc. v. Chaindom Enters., Inc.,* 2000 WL 217480, *1 (S.D.N.Y. 2000), *aff'd* 2001 WL 138376 (2d Cir. 2001).  Petitioner has not alleged new evidence, or a new rule of law, as a basis for his Motion.  Thus, Petitioner appears to bring this Motion to Reconsider and Reargue the Motion to Vacate based upon the prong of Rule 59(e) which permits the Court to address the need to correct a "clear error of law or prevent manifest injustice" in the September 2005 Order.

It is apparent to this Court that Petitioner disagrees with the Court's September 2005 Order. He has demonstrated his disagreement by rearguing and rehashing the same arguments previously presented and decided on the prior Motion, as well as some that were only tangentially mentioned in the papers of the prior Motion but which were litigated in the course of this proceeding, and left undisturbed on appeal. This Court has reviewed the Motion presently before the Court, as well as the prior proceedings leading to the September 2005 Order, and finds no basis to grant Petitioner relief from the prior Orders of this Court. Therefore, because Petitioner has failed to meet his burden on this Motion, Petitioner's request for relief from judgment is denied.

WHEREFORE, based upon the above, it is hereby

ORDERED, that Petitioner's Motion for Reconsideration (Docket No. 70) is denied, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: June 22, 2006

Thomas J. McAvoy
Senior, U.S. District Judge